1

2

3

4                       UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6                            SAN JOSE DIVISION

7

8   JOSEPH E. STEVENS,                    Case No.  5:13-cv-03877-EJD
                  Petitioner,
9                                         **ORDER DENYING RESPONDENTS'**
        v.                                **MOTION TO DISMISS; STAYING**
10                                        **CASE**
    JERRY BEARD, et al., Secretary of the
11  California Department of Corrections and  Re: Dkt. No. 5
    Rehabilitation, et al.,
12
                  Respondents.
13

14          Petitioner Joseph E. Stevens ("Petitioner") is serving two life terms without the possibility

15  of parole after being convicted of murder and other related charges in San Francisco Superior

16  Court.  He is currently incarcerated at Salinas Valley State Prison ("SVSP").

17          Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the

18  "Petition") in this court on August 22, 2013.  Respondents Jerry Beard, Secretary of the California

19  Department of Corrections and Rehabilitation, and Randy Grounds, Warden of SVSP

20  ("Respondents"), move to dismiss the Petition as partially unexhausted.  See Docket Item No. 5.

21  In response, Petitioner requests the court stay this action and hold the Petition in abeyance during

22  the pendency of a newly-initiated exhaustion effort before the California Supreme Court.

23          Having carefully reviewed the record and considered the written and oral arguments of

24  counsel, the court finds, concludes and orders as follows:

25          1.      "Before a federal court may grant habeas relief to a state prisoner, the prisoner must

26  exhaust his remedies in state court."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To meet

27  this requirement, the prisoner must "fairly present" the factual and legal bases for each claim to

28

United States District Court
Northern District of California

1    the state's highest court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Wooten v. Kirkland, 540

2    F.3d 1019, 1025 (9th Cir. 2008) ("The rule of exhaustion requires that a habeas petitioner 'fairly

3    present' his federal claims to each appropriate state court.").  "A claim is not 'fairly presented' if

4    the state court 'must read beyond a petition or a brief  . . . in order to find material that alerts it to

5    the presence of a federal claim.'"  Wooten, 540 F.3d at 1025.

6          2.      Generally, a federal district court must dismiss a habeas petition containing any

7    claim as to which state remedies have not been exhausted - a so-called "mixed petition."  See Rose

8    v. Lundy, 455 U.S. 509, 522 (1982).  Alternatively, the district court may deny a meritless petition

9    that includes unexhausted claims (28 U.S.C. § 2254(b)(2)), or may stay a mixed petition to allow

10   for complete exhaustion.  Rhines v. Weber, 544 U.S. 269, 277 (2005).

11         3.      The district court's discretion to stay a mixed petition is circumscribed by the

12   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the purpose of which

13   legislation is to reduce delay in the execution of criminal sentences and encourage petitioners to

14   seek relief in the state courts before filing their claims in federal court.  Id. at 275-76.  Because a

15   stay has the potential to undermine these dual purposes of AEDPA, its application is only

16   appropriate where the district court has first determined that there was good cause for the

17   petitioner's failure to exhaust the claims in state court and that the claims are potentially

18   meritorious.  Id. at 277.

19         4.      In their motion to dismiss, Respondents argue that Petitioner has filed a mixed

20   petition because it contains one claim that was exhausted - a juror misconduct and bias claim - and

21   a claim that was not exhausted - an evidence spoliation claim - the latter of which was presented to

22   the California Court of Appeals but not to the California Supreme Court.  See People v. Stevens,

23   No. A119073, 2012 Cal. App. Unpub. LEXIS 1862, 2012 WL 758035 (Cal. Ct. App. Mar. 9,

24   2012).  Respondents request the court dismiss the entire Petition without prejudice unless

25   Petitioner elects to proceed in federal court only on the exhausted claim.

26         5.      In response, Petitioner's counsel concedes the spoliation claim was not presented to

27   the California Supreme Court and is unexhausted.  Counsel further concedes the claim must be

28
2

United States District Court
Northern District of California

exhausted before this court can review it.  Accordingly, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court on August 3, 2015, based on the spoliation claim in an effort to exhaust it.  He requests this court stay the federal petition pending a final decision by the state courts rather than require him to dismiss the unexhausted claim or the Petition as a whole.

6.       "Under <u>Rhines</u>, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."  <u>Wooten</u>, 540 F.3d at 1023.  For this motion, only the first two elements are at issue since there is no contention that Petitioner engaged in "dilatory litigation tactics."

7.       "[G]ood cause does not require a showing of 'extraordinary circumstances.'"  <u>Blake v. Baker</u>, 745 F.3d 977, 981 (9th Cir. 2014).  Instead, its existence "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" a failure to exhaust.  <u>Id</u>. at 982.  Consequently, "unspecific, unsupported excuses for failing to exhaust - such as unjustified ignorance," cannot satisfy the good cause requirement.  <u>Id</u>. at 981.

8.       Petitioner's good cause showing is focused on the conduct of his counsel.  He asserts that his state appellate counsel, who is also part of the legal team representing him for this habeas proceeding, was ineffective when he failed to include the spoliation claim in the original Petition for Review made to the California Supreme Court.  The Ninth Circuit has held that ineffective assistance of counsel, or "IAC," "by post-conviction counsel can be good cause for a <u>Rhines</u> stay."  <u>Id</u>. at 982.  That type of assertion, however, must be properly supported with evidence showing that counsel was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>Id</u>. at 983-84.

9.       Though Respondents argue otherwise, Petitioner has presented more than the type of "bald assertion" of IAC that the Ninth Circuit deemed deficient to meet the <u>Rhines</u> standard.  <u>Id</u>. at 982.  To the contrary, Petitioner has articulated a specific instance of IAC supported by the admission of his state appellate counsel, who was prepared to state under oath before this court

Case No.: <u>5:13-cv-03877-EJD</u>
ORDER DENYING RESPONDENTS' MOTION TO DISMISS; STAYING CASE

United States District Court
Northern District of California

1 │ that his handling of the Petition for Review was ineffective under <u>Strickland</u>. As counsel stated at

2 │ the hearing, he simply forgot to argue spoliation to the California Supreme Court, perhaps due to

3 │ the press of other cases requiring his attention and the need to meet the filing deadline. He also

4 │ represented that this shortcoming is one "for which Petitioner himself bears no blame."

5 │ The court finds counsel credible, and his admission is significant for two reasons. First, it

6 │ cuts strongly against finding that the failure to exhaust the spoliation claim resulted from a

7 │ strategic choice as opposed to negligence falling below the standard of care, even under the

8 │ deferential review required by <u>Strickland</u>. <u>See</u> <u>Crace v. Herzog</u>, 798 F.3d 840, 852 (9th Cir. Aug.

9 │ 14, 2015) ("[J]udicial review of an attorney's performance under <u>Strickland</u> must ordinarily be

10 │ 'highly deferential' and incorporate a 'strong presumption that counsel's conduct falls within the

11 │ wide range of reasonable professional assistance which, under the circumstances, might be

12 │ considered sound trial strategy.'"). Second, the fact that counsel was willing to make an

13 │ admission of IAC on the record implies that it is not just a convenient excuse created after the fact

14 │ to preclude the dismissal of the Petition, but a "concreate and reasonable" one. <u>Blake</u>, 745 F.3d at

15 │ 983.

16 │ Accordingly, the court finds the good cause requirement satisfied.

17 │ 10.    As to the second element of the <u>Rhines</u> test, the court observes that "plainly

18 │ meritless" claims do not justify a stay, even when a petitioner has shown good cause. <u>Rhines</u>, 544

19 │ U.S. at 277. But here, Petitioner's spoliation claim is not "plainly meritless." Although the

20 │ California Court of Appeal found the claim waived because it was not raised during Petitioner's

21 │ second trial, this court cannot confidently say without reviewing the entire record that it would

22 │ reach the same conclusion under a § 2254(d) analysis. That review can only be accomplished

23 │ after the court receives a response to the Petition on its merits.

24 │ Because Petitioner has satisfied his burden under <u>Rhines</u>, the request to stay the case and

25 │ hold the Petition is abeyance is GRANTED. This case is STAYED pending final resolution of all

26 │ proceedings related to the habeas corpus petition filed in the California Supreme Court on August

27 │ 3, 2015. Respondents' Motion to Dismiss (Docket Item No. 5) is DENIED. The Clerk shall

28 │

<i>United States District Court / Northern District of California</i>

1    ADMINISTRATIVELY CLOSE this file.

2           So that the ongoing appropriateness of the stay can be monitored, Petitioner shall submit a

3    brief report which describes the status of the state habeas proceedings on **February 8, 2016**, and

4    continuing every three months thereafter.  Furthermore, within 10 days of the final resolution of

5    the state proceedings, Petitioner shall file a notice informing the court of such development and

6    request that this matter be reopened and a new briefing schedule entered.

7

8           **IT IS SO ORDERED.**

9    Dated:  November 18, 2015

10                                                                    _____
11                                                                    EDWARD J. DAVILA
                                                                     United States District Judge

Case No.: 5:13-cv-03877-EJD
ORDER DENYING RESPONDENTS' MOTION TO DISMISS; STAYING CASE