XAVIER BECERRA
Attorney General of California
PEGGY S. RUFFRA
Supervising Deputy Attorney General
RENÉ A. CHACÓN
Supervising Deputy Attorney General
State Bar No. 119624
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3774
 Fax:  (415) 703-1234
 E-mail:  Rene.Chacon@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JOSEPH E. STEVENS,**<br><br>       Petitioner,<br><br>v.<br><br>**JERRY BEARD, et al.,**<br><br>       Respondents. | No. 5:13-cv-03877-EJD<br><br>**RESPONDENT'S MOTION TO ALTER OR AMEND THE JUDGMENT (FRCP 59(e))** |

  Pursuant to Federal Rules of Civil Procedure 59(e), respondent respectfully files this motion to alter or amend this Court's August 22, 2018 Judgment and Order granting petitioner's petition for writ of habeas corpus and remanding this case to the state trial court for a new trial.

  This timely motion to alter or amend the judgment is made within 28 days after the Court entered its judgment. Fed.R.Civ.P. 59(e). When considering a motion to alter or amend a judgment under Rule 59(e), a district court possesses wide discretion. *McDowell v. Calderon*, 197 F.3d 1243, 1254 n.1 (9th Cir. 1999) (en banc). A Rule 59(e) motion may be granted where: (1) the motion is necessary to correct manifest errors of law or fact upon which a judgment is based; (2) the moving party presents a newly discovered or previously unavailable evidence; (3)

the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the controlling law. *Id*. at 1254; *Turnder v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Respondent submits that this Court should grant this motion because it is necessary to prevent manifest injustice. As set forth below, the Court erroneously failed to order an evidentiary hearing as the appropriate remedy under the circumstances here.

## BACKGROUND

On August 22, 2018, the Court issued the writ of habeas corpus, 28 U.S.C. § 2254, finding the trial court's hearing on the juror misconduct claim constitutionally inadequate, and therefore concluding that the Court of Appeal's affirmance of the judgment was contrary to clearly established federal law, and or at least an unreasonable application of federal law. ECF 17 at 14-19. The Court remanded this case for a new state trial. ECF 17 at 30.

In relevant part, the Court found that because the state trial court learned of Juror No. 12's racially charged comment and "made absolutely no effort to 'determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial,' *Remmer* [*v. United States*,] 347 U.S. [227,] 229-30 [(1954)], the Court of Appeal's decision is an unreasonable application of clearly established federal law." ECF 17 at 19.

## ARGUMENT

**I. THE COURT SHOULD ORDER AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE JUROR'S RACIST STATEMENTS WERE PREJUDICIAL**

The Supreme Court has made clear that when the federal habeas court determines that the state trial court erred by failing to conduct an evidentiary hearing on juror misconduct, the remedy is to conduct an evidentiary hearing now. *See Smith v. Phillips*, 455 U.S. 209, 215 (1983) ("This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias."); *accord Rushen v. Spain*, 464 U.S. 114, 119 (1983) (the prejudicial effect of an improper contact with jurors "can normally be determined by a post-trial hearing"); *Remmer v. United States*, 347 U.S. at 230 (remanding case to district court "with directions to hold a hearing to determine whether the incident complained of was

1  harmful to the petitioner"); *see McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556
2  (1984).

3  The remand remedy is also the procedure authorized by 28 U.S.C. § 2254(e)(2) when the federal habeas court finds that the state court's decision is contrary to or an unreasonable application of Supreme Court law, and a factual question remains outstanding. *Cullen v. Pinholster*, 563 U.S. 170, 205 (2011) (Breyer, J., concurring and dissenting in part); *Frantz v. Hazey*, 533 F.3d 724, 745 (9th Cir. 2008) (en banc) (if federal habeas court finds state court decision unreasonable, it must then decide the habeas petition by considering de novo the constitutional issues raised, and may order an evidentiary hearing if the record is insufficient to resolve an outstanding factual question). Here, the very error identified by this Court—that the state court failed to determine whether the juror's comment was prejudicial—shows that the critical factual question in this case has not been resolved.

The fact that 11 years have passed since petitioner's trial does not render the opportunity for an evidentiary hearing futile. *Godoy v. Spearman*, 861 F.3d 956 (9th Cir. 2017) (en banc), is instructive. In *Godoy*, the Court found that the defendant had demonstrated that the juror's outside contact with her judge friend was "possibly prejudicial" and that the presumption of prejudice had arisen. *Id*. at 969-70. The Court further found that the state had failed to rebut the presumption of prejudice by proving that the external contact was harmless with contrary evidence at an evidentiary hearing in state court. *Id*. at 970. The Court then remanded the case to the district court to hold an evidentiary hearing 11 years after the 2006 trial, explaining that "the existing record is unclear as to prejudice, and no evidentiary hearing on prejudice has yet been held." *Id*. The Court directed the district court to determine the circumstance of the juror's misconduct, its impact on the jury, and whether or not it was prejudicial. *Id*. The Court specifically noted that "[u]nder the circumstances of this case, given the time that has elapsed, it may be difficult for the state to meet its heavy burden on remand, but we nevertheless afford it the opportunity to do so." *Id*.

Likewise, other cases have ordered evidentiary hearings to resolve issues involving jurors, even when a considerable amount of time has passed since the trial. *See Tarango v. McDaniels*,

837 F.3d 936, 952 (9th Cir. 2016) (remanding in 2016 for evidentiary hearing to determine prejudice from juror contacts in 2005 trial); *Fields v. Brown*, 503 F.3d 755, 765 (9th Cir. 2007) (en banc) (district court conducted evidentiary hearing in 1993 on whether juror committed misconduct at 1979 trial); *Garza v. Tilton*, 223 Fed.Appx. 688, 689 (9th Cir. 2007) (remanding in 2007 for evidentiary hearing on whether juror committed misconduct at 1999 trial); *Ghent v. Ayers*, 279 F.3d 1121, 1132 (9th Cir. 2002) (district court conducted evidentiary hearing 19 years after trial to determine whether jurors saw defendant in shackles); *Simmons v. Blodgett*, 110 F.3d 39, 41 (9th Cir. 1997) (after remand from Ninth Circuit, state trial court held hearing in 1994 on whether juror committed misconduct at 1984 trial).  Thus, it is evident that even though years have passed since petitioner's trial, an evidentiary hearing would not necessarily be futile, and the state should not be denied the opportunity to rebut the presumption of prejudice by proving that the deliberating juror's racist comments were harmless at an evidentiary hearing.  As in *Godoy*, as it currently stands the existing record is unclear as to prejudice, and petitioner could otherwise receive a windfall by obtaining a new trial even if it turned out that he was not prejudiced at the retrial.[1]

Alternatively, should the Court deny respondent's request for an evidentiary hearing on the juror misconduct claim, respondent asks the Court to modify the portion of the order granting the writ.  The Court's August 22, 2018 order states:  "the Court SETS ASIDE THE VERDICT and REMANDS FOR A NEW TRIAL."  ECF 17 at 30.  However, this Court has no authority to remand a case to a state court; the issuance of a writ of habeas corpus constitutes a determination that the petitioner is being held in custody in violation of his constitutional rights.  *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008).  Thus, "[t]he typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner" within a certain amount of time.  *Herrera v. Collins*, 506 U.S. 390, 403 (1993).  Accordingly, respondent requests that the Court amend its order to indicate that petitioner should

---

[1] This Court also could allow the opportunity for an evidentiary hearing in state court.  *See Smith v. Phillips*, 455 U.S. at 218; *Remmer*, 347 U.S. at 229-230; *Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001) (remanding case to district court with instructions to grant the writ unless the state trial court conducted a hearing).

be released unless the state commences retrial proceedings within 90 days.  That time period promotes efficient administration of the case, allows the parties to contemplate further time-sensitive appellate remedies, and gives the local prosecutor time to review the case, contact witnesses, and seek a court order to ensure petitioner's presence for further state court proceedings if a retrial is pursued.

## CONCLUSION

Respondent respectfully requests that this Court grant the motion to alter or amend the judgment and order an evidentiary hearing by this Court or in the state trial court in order to determine whether the claimed juror misconduct was prejudicial.

Dated:  August 29, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PEGGY S. RUFFRA
Supervising Deputy Attorney General

*/s/ René A. Chacón*

RENÉ A. CHACÓN
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2015200318
42038008.docx