UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH E. STEVENS,<br><br>   Petitioner,<br><br> v.<br><br>JERRY BEARD, et al.,<br><br>   Respondents. | Case No. 5:13-cv-03877-EJD<br><br>**ORDER GRANTING MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 19 |

  Currently before the Court is Respondents' Motion to Alter Judgment. The facts and procedural history of this matter are detailed in the Court's Order granting the petition for a writ of habeas corpus. Dkt. 17. Relevant here, the Court, in finding that the Court of Appeal had failed to attempt to determine the prejudicial effect of Juror No. 12's alleged racist statements, set aside the verdict and remanded for a new trial. *Id*. at 30. Respondents now move the Court to alter its judgment to order a hearing on the prejudicial effect of those statements instead. Dkt. 19.

  Respondents' Motion seeks to prevent the "manifest injustice" of allowing Petitioner a new trial without the Court first determining whether Juror No. 12's alleged racist comments were prejudicial. *Id*. at 1-2, 4. Respondents argue that if it turns out Juror No. 12's statements were not prejudicial, then the new trial would be a windfall for Petitioner. *Id.* Petitioner counters that Respondents have waived their request for an evidentiary hearing by not doing so until now, and that a fair evidentiary hearing is not possible because the trial took place over 11 years ago. Dkt. 22.

  The "remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1983). In *Smith*, the

Case No.: 5:13-cv-03877-EJD
ORDER GRANTING MOTION TO ALTER JUDGMENT

1

defendant petitioned for a writ of habeas corpus on the ground that his conviction had been tainted by a juror who had applied for a job with the prosecutor's office during his trial. *Id*. at 214. After his trial, he raised the issue in a motion to vacate his conviction. *Id*. at 210-11. The trial judge had held a hearing and denied the motion. *Id*. at 213-14. After appealing through the state courts, the defendant petitioned for a writ of habeas corpus. *Id*. at 214. The Supreme Court held that "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Id*. at 217. Rather, "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. Such determinations may properly be made at a hearing like . . . in this case." *Id*.

Here, the Court granted the petition because the Court of Appeal did not attempt to determine the effect of Juror No. 12's alleged racist statements. Dkt. 17 at 15-18. As this Court noted, "the exact context of Juror No. 12's alleged statements is unclear." *Id*. at 20. Thus, a hearing to determine the prejudicial effect, if any, of Juror No. 12's statements is appropriate before ordering a new trial.

Petitioner's arguments are not persuasive. First, the Court declines to find that Respondents have waived any request for a hearing. Up until the Court issued its order and judgment, Respondents had maintained that the petition should not be granted, so the issue of remedies had not come up. Second, the Court is mindful of the 11 years that have passed since Petitioner's trial and of the tragic death of the Deputy Public Defender who defended him. But, the Court does not find that those facts would render a hearing impossible. The Ninth Circuit recently directed a district court to hold an evidentiary hearing on juror misconduct 11 years after that defendant had been convicted. *Godoy v. Spearman*, 861 F.3d 956, 960, 970 (9th Cir. 2017).

Accordingly, Respondents' Motion to Alter Judgment is GRANTED. The Court ORDERS as follows:

1. The Court will hold an evidentiary hearing to determine the prejudicial effect, if any, of Juror No. 12's statements.

Case No.: 5:13-cv-03877-EJD
ORDER GRANTING MOTION TO ALTER JUDGMENT
2

2. The Court will hold a scheduling conference on May 9, 2019 at 10:00 a.m. The parties are to file a Joint Scheduling Statement by April 29, 2019. The Statement shall provide the parties' availability for the hearing, the parties' proposed witnesses and exhibits, and argument as to what legal standard the Court should apply in determining whether the statements were prejudicial. The parties shall also raise any other issues they would like the Court to consider prior to the hearing.

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-03877-EJD
ORDER GRANTING MOTION TO ALTER JUDGMENT
3