Dennis Riordan (SBN 69320)
Riordan & Horgan
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone:  (415) 431-3472
dennis@riordan-horgan.com

Neil Rosenbaum (SBN 84866)
247 Hartford Street
San Francisco, California 94114
Telephone:  (415) 626-5432
tufcustmr@sbcglobal.net

Attorneys for Petitioner
Joseph Stevens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH E. STEVENS, | No.  5:13-cv-03877-EJD |
| Petitioner, | **PETITIONER'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| JERRY BEARD, et al., | |
| Respondents. | |

**FINDINGS OF FACT**

1. At Stevens's state court trial, Juror No. 5, Joe Gonzales, reported that Juror No. 12, Lola Feliciana, made a racially inflammatory remark during deliberations.  Juror Gonzales told the court his "biggest concern" was that Juror Feliciana was biased and not impartial.  The trial court took no steps to determine whether Juror Feliciana was impartial.

2. The state Court of Appeal rejected Stevens's claim that the trial court's failure to investigate that matter denied him due process under the Fourteenth Amendment.  After the California Supreme Court denied review, Stevens filed this habeas corpus petition under 28 U.S.C section 2254.

3. After extensive briefing, this Court concluded that the state Court of Appeal's decision was contrary to and involved an unreasonable application of clearly established federal law, and was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).  On August 22, 2018, the Court granted Stevens's petition for writ of habeas corpus and ordered the verdict set aside. (Dkt. No. 17.)  The Court then granted the State's request for an evidentiary hearing to determine whether Juror Feliciana's statement was prejudicial to Stevens. (Dkt. No. 19.)  The evidentiary hearing was held on April 27, 2022.  At the hearing, the initial burden was on Stevens to present evidence that Juror Feliciana was biased and not impartial. (Dkt. Nos. 24, 38.)

4. Jurors Gonzales and Feliciana were deposed a few months before the hearing. The Court has reviewed the video recordings and written transcripts of their depositions.[1]

5. Before his deposition, Juror Gonzales reviewed the contemporaneous reporter's transcript of his reports to the trial court.  He remembered telling the judge that Juror Feliciana admitted discussing certain evidence with her husband, and that she also told the other jurors about news reports she had seen concerning Stevens's uncle Aaron Williams, who she insisted was not his uncle.  Juror Gonzales confirmed that he informed the trial court in 2007 that, during deliberations in which the jury discussed language and culture in San Francisco's Potrero Hill area, Juror Feliciana turned to the person next to her and said, "You can't call these people 'Niggers,' they'll just shoot you."

6. Based on the trial record and the depositions in this case, the Court finds credible Juror Gonzales's report that Juror Feliciana made the racially inflammatory remark he reported during jury deliberations, a statement that supports a reasonable inference that Juror Feliciana was not able and willing to decide the case impartially, based only on the evidence presented at trial.

//

---

1. Since Stevens's trial 15 years ago (2007), one juror has died, and nine no longer remember what occurred during jury deliberations

**CONCLUSIONS OF LAW**

1. Due process requires a jury able and willing to decide the case impartially, based solely on the evidence presented at trial. *Smith v. Phillips*, 455 U.S. 209, 217 (1983). A defendant is denied due process if even one juror is not impartial. *Tinsley v. Borg*, 895 F.2d 520, 523-24 (9th Cir. 1990).

2. A juror's use of a racist term creates a presumption that he or she is not impartial. *United States v. Henley,* 238 F.3d 1111, 1121 (9th Cir. 2001) ["We have considerable difficulty accepting the government's assumption that, at this time in our history, people who use the word 'nigger' are not racially biased"]. Juror Feliciana's remark to her fellow juror creates a presumption of racial prejudice.

3. Given that presumption, the burden rests heavily on the State to disprove prejudice. *Remmer v. United States*, 347 U.S. 227, 229 (1954). The presumption cannot be rebutted by other, non-prejudicial inferences that might be drawn from Juror Feliciana's remark. It can be rebutted only by other contrary, credible evidence. *Godoy v. Spearman*, 861 F.3d 956, 959 (9th Cir. 2017) (en banc) ["It is well settled that a presumption can be rebutted only by other, contrary evidence. It is not enough . . . to draw contrary inferences from the same statement that established the presumption in the first place"].

4. The evidence adduced by the State failed to rebut the presumption that Juror Feliciana was biased against African-American people with whom she identified Stevens ("these people") and was not impartial. The trial court's failure to discharge her from the jury deprived Stevens of his Fifth, Sixth, and Fourteenth Amendment rights to due process and trial by an impartial jury.

5. Accordingly, the Court affirms its earlier decision to vacate the judgment against Stevens and remand the case to the trial court. Unless the State initiates trial proceedings within ninety days, this Court orders that Stevens be released from state custody.

Dated: May 9, 2022

Respectfully submitted,

Dennis Riordan

*Neil Rosenbaum*
_____
Neil Rosenbaum
Attorneys for petitioner
Joseph Stevens

## DECLARATION OF SERVICE

**Re:**  *Stevens v. Beard, et al.*
No. 5:13-cv-03877 EJD

On May 9, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PETITIONER'S PROPOSED FINDINGS AND CONCLUSIONS OF LAW**

As all participants in the case are registered CM/ECF users, service will be effected by the CM/ECF system.

I declare under penalty of perjury under that the foregoing is true and correct and that this declaration was executed on May 9, 2022, at San Francisco, California.

*Neil Rosenbaum*